# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

HERMAN H. LEFORS, JR.,                                                                          PLAINTIFF

3:14CV00138-KGB-JJV

DAN LANGSTON, Sheriff, Greene
County, Arkansas; *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   INTRODUCTION

Herman Lefors, Jr. ("Plaintiff") brought this action *pro se,* pursuant to 42 U.S.C. § 1983, alleging that Defendants[1] violated his constitutional rights during his incarceration at the Greene County Jail. (Doc. No. 2.) Now, Defendants have filed a Motion for Summary Judgment ("Motion") (Doc. No. 158) seeking dismissal of all claims against them. Plaintiff has not responded and the deadline for doing so has passed.

### II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825

---

[1] These Defendants are: Dan Langston, John Calley, Ray Brandon, Chad Brandon, T. J. Underwood, and Sammie Johnson.

(8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

Plaintiff alleges that in July 2011, Defendants conspired to murder him when they placed him in general population at the Greene County Jail. (Doc. No. 2 at 12.) He claims that Defendants knew this placement was likely to result in an attack on his person by a group of inmates who belonged to a white supremacist gang. (*Id.*) After an allegedly brutal assault during which he suffered fractures to his facial bones and vertebrae, Plaintiff claims that Defendants failed to secure quick and adequate treatment for his injuries. (*Id*. at 12-13.) Defendants raise several arguments for dismissing these claims. They are that: (1) Plaintiff did not exhaust his administrative remedies prior to filing this suit; (2) Defendants are entitled to qualified immunity; (3) Plaintiff's claims fail on their merits; and (4) Plaintiff has failed to state any viable official capacity claims against Greene County. (Doc. No. 159.) After review of Defendants' arguments I find, for the reasons stated hereafter, that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies. In reaching this conclusion, I find it unnecessary to consider Defendants' other arguments.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is

mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Here, Defendants contend that Plaintiff has failed to exhaust any of the claims which give rise to this action. Specifically, they note that Plaintiff did not submit any grievance related to his claims while he was incarcerated at the Greene County Jail. (*See* Doc. Nos. 160-1 at 1; 160-2 at 1.) Instead, the lone "grievance" in this action is a letter from Plaintiff to Defendant Calley[2] sent on September 21, 2013, more than two years after the alleged incident took place and while Plaintiff was incarcerated in Oklahoma. (Doc. No. 2 at 11,14.) Defendants have not attached a copy of the Greene County Jail grievance policy to their pleadings, but they have explicitly noted that Plaintiff's delayed exhaustion attempt was non-compliant with that policy. (Doc. No. 160 ¶ 2.) Absent argument or evidence from Plaintiff that he made other, more timely efforts at exhaustion, I conclude that dismissal of these claims is appropriate. One of the stated rationales behind the PLRA's exhaustion requirement is that it affords prison officials a chance to address inmate claims and concerns, thereby avoiding the need (in some cases) for litigation. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). It may be, given the gravity of Plaintiff's allegations, that Greene County officials could not have taken any corrective action which would have obviated the need for this suit. The seriousness of his claims does not except Plaintiff from the PLRA's requirements, however.

---

[2]The letter spells Defendant Calley's last name as "Cauly." (Doc. No. 2 at 11.)

By allowing more than two years to elapse before attempting exhaustion, Plaintiff violated county grievance policy and his suit should be dismissed on that basis.

The only question that remains is whether Plaintiff's claims should be dismissed with prejudice. Defendants urge such a dismissal and argue that exhaustion is no longer possible, both because of time elapsed and Plaintiff's departure from the Greene County Jail. The Court does not dismiss this argument lightly. Nevertheless, I conclude that a without prejudice dismissal is more appropriate. *See Barbee v. Correctional Medical Services*, 394 Fed. Appx. 337, 338 (2010) ("Once the court determined that the claims were unexhausted, it was required to dismiss them without prejudice.").

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 158) be GRANTED in part and DENIED in part.

   A. Defendants Dan Langston, John Calley, Ray Brandon, Chad Brandon, T. J. Underwood, and Sammie Johnson be DISMISSED without prejudice due to Plaintiff's failure to exhaust administrative remedies against them.

   B. Defendants' request for a 'with prejudice' dismissal be DENIED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 1st day of July, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE